# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| MATT RHOADES, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS, | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 1:25-cv-2078 ) |
| v. | ) ) |
| H&G UNDERGROUND UTILITIES., an Indiana domestic limited liability company | ) ) ) ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs, Matt Rhoades et al by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, LLP, complain against Defendant, H&G UNDERGROUND UTILITIES., as follows:

## COUNT I

1.    (a)    Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

       (b)    Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where the Fund as described in Paragraph 2, is administered and 29 U.S.C. Section 185(c).

## PARTIES

2.    (a)    The Plaintiffs in this count are MATT RHOADES, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS PENSION FUND, ("the Fund"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b)     The Funds have been established pursuant to collective bargaining agreements previously entered into between Cement Masons Local 692 (the "Union") and certain employer associations whose employees are covered by the Collective Bargaining Agreements with the Union.

(c)     The Fund is maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Fund.

3.   (a)    H&G UNDERGROUND UTILITIES., is an Indiana corporation (hereafter "H&G"), employs employees represented by the Union and is bound to make contributions for hours and weeks worked by all employees and upon subcontractors who perform work which would otherwise be performed by employees.

(b)    H&G, has its principal place of business in LaPorte, Indiana.

(c)    H&G, is an employer engaged in an industry affecting commerce.

4.   Since January 1, 2012, H&G, has entered into successive Collective Bargaining Agreements with Cement Masons Local 143, pursuant to which it is required to pay specified wages and to make periodic contributions to the Fund on behalf of certain of its employees. (Exhibit A)

5.   By virtue of certain provisions contained in the Collective Bargaining Agreements, H&G, is bound by the Trust Agreement establishing the Fund.

6.   Under the terms of the Collective Bargaining Agreements and Trust Agreements to which it is bound, H&G, is required to make contributions to the Funds on behalf of its employees and, when given reasonable notice by Plaintiff or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

7. Plaintiffs are advised and believe that from January 1, 2025 through present, H&G has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. H&G be ordered to submit to an audit for January 1, 2025 through present.

B. Judgment be entered on any amounts found to be due on the audit.

C. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D. H&G be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT II

8. Plaintiffs repeat and realleged paragraph 1-7 of Count I as paragraph 1-7 of Count II

9. An audit was completed for the time period of January 1, 2021 through December 31, 2024 indicating $841.10 benefits, $84.11 10% liquidated damages, $671.92 additional liquidated damages and $1,087.50 audit costs are owed for a total amount due of **$2,684.63**, plus attorney's fees and costs.

**WHEREFORE**, Plaintiff prays for relief as follows:

A. Judgment be entered against H&G, and in favor of Plaintiffs, in the amount shown due under the audit of **$2,684.63**

3

B.	Plaintiffs be awarded their attorneys' fees, costs, interest, and liquidated damages pursuant to 29 U.S.C. 1132(g)(2) and Section 502(g)(2).

C.	H&G, be enjoined from violating the terms of the Collective Bargaining Agreements and Trust Agreements by failing to make timely payments to the Fund and be ordered to resume making those payments.

D.	This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

                                                Respectfully submitted,
                                                MATT RHOADES, et. al.

                                                By:   /s/ Donald D. Schwartz
                                                          One of their Attorneys

Donald D. Schwartz
ARNOLD AND KADJAN LLP
35 E. Wacker Dr., Suite 600
Chicago, Illinois 60601
(312) 236-0415
dds@aandklaw.com